Mr., Justice SWAYNE
 

 stated the case, and delivered the opinion of the court.
 

 The plaintiff in error brought suit against the defendant in error, in the Fifth District Court of New Orleans, to recover the sum of $93,380.97, for moneys deposited by the plaintiff' with the defendant, and moneys collected by the latter for the former. All the so-called moneys received by
 
 *433
 
 the defendant were the notes of the rebel government. The District Court, on the 27th of March, 1867, gave judgment for the plaintiff. The case was thereupon taken by appeal to the Supreme Court of the State. That court, on the 14th of December, 1869, reversed the judgment of the court below and dismissed the case. In the opinion delivered it was said: “Under the constitution of 1868 the courts of this State cannot entertain an action based upon transactions in Confederate treasury notes. We think the evidence discloses that this case is founded upon dealings in unlawful currency, and the court has often refused to lend its aid to transactions reprobated by law.” The constitution of 1868 was not in existence when the case was decided by the District Court.
 

 The Supreme Court founded its judgment alike upon the constitutional provision and prior adjudications. Those adjudications are numerous and conclusive upon the subject.
 
 *
 
 The constitution only declared a settled pre-existing rule of jurisprudence in that State. The result in this case would have been necessarily the same if the constitution had not contained the provision in question. This brings the case within the authority of
 
 Bethell
 
 v. Demaret.
 
 †
 
 Upon such a state of facts this court cannot take jurisdiction under the section of the Judiciary Act upon which the writ of error is founded. The motion must, therefore, be sustained, and the case
 

 Dismissed.
 

 *
 

 Hunley et al. v. Scott, 19 Louisiana Annual, 161; King v. Huston, Hubbell & Co., Ib. 288; McCracken
 
 v.
 
 Poole, Ib. 359; Norton
 
 v.
 
 Dawson et al., Ib. 464.
 

 †
 

 10 Wallace, 537.